L. VERNON BRIGGS *vs.* LOUIS T. CUSHING.

Suffolk.    November 23, 1896. — February 27, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note purchased in Good Faith for Value before Maturity.*

In an action by the holder of a promissory note against the payee who indorsed it, the latter has no ground of exception to a refusal to rule that, upon all the evidence, the plaintiff is not entitled to recover, if it is competent for the judge trying the case without a jury to find upon the evidence that the plaintiff purchased the note, in good faith, for value before its maturity, and the judge so finds.

CONTRACT, upon a promissory note for $800, dated August 2, 1893, payable in four months after date to the order of the defendant, signed by Moyses R. Simmons and indorsed by the defendant, by Eben C. Waterman, and by the plaintiff. The answer set up want of consideration, and that the plaintiff was not a *bona fide* holder for value. Trial in the Superior Court, without a jury, before *Mason*, C. J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that he purchased the note of Waterman for seven hundred and fifty dollars, on November 19, 1893, who told him that he had received the note in payment for a house; that he had previously made inquiries at several banks as to the financial standing of the defendant, and had called at the defendant's office to make inquiries of him about the note; and that at the time of the purchase he believed the note to be all right, and had no other information in regard to it.

Waterman testified that he received the note in payment for a house at Scituate beach; that he told the plaintiff of this fact when he sold him the note, and also all he knew about the defendant's financial standing; that the defendant told him that Simmons had no right to use the note in the way he had used it, and that he, Waterman, had not given a deed of the house, as he did not think it necessary.

The defendant testified that he indorsed the note and gave it to Simmons for the purpose of raising money to pay the bills

of a corporation in which they were both interested, and that, when he learned in November that Simmons had given the note to Waterman in payment for the house, he told Waterman that he should use every honorable means to avoid payment.

The defendant asked the judge to rule that, upon all the evidence, the plaintiff was not entitled to recover, and that the plaintiff was not a *bona fide* holder for value before maturity of the note. The judge refused so to rule, and found for the plaintiff. The defendant alleged exceptions.

*J. W. Keith*, for the defendant.

*C. M. Perry*, for the plaintiff.

FIELD, C. J. The note was signed by Simmons, and dated August 2, 1893, payable in four months after date to the order of Cushing, the defendant, and by him indorsed in blank, and also afterwards indorsed in blank by Waterman. The case was tried by the court without a jury. It is plain that the court could find, from the testimony of the plaintiff which is set out in the exceptions, that the plaintiff purchased the note in good faith, for value, before its maturity, and that having found this it could not rule that the plaintiff was not entitled to recover.

*Exceptions overruled.*